UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joel G. MacMull
**MANDELBAUM SALSBURG P.C.**
1270 Avenue of the Americas, Suite 1808
New York, NY 10020
212-776-1834
jmacmull@lawfirm.ms

Ashley K. Long (*Admission Pro Hac Vice Pending*)
**CARNEY BADLEY SPELLMAN P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
206-622-8020
long@carneylaw.com

*Attorneys for Plaintiff Curated Works, Inc.*

| | |
|---|---|
| CURATED WORKS INC., d/b/a CURATED,<br><br>*Plaintiff*,<br><br>- vs.-<br><br>DEAL.COM, INC. a/k/a DEAL.COM GLOBAL, INC. d/b/a CURATED.COM<br><br>*Defendant*. | CIVIL ACTION NO.<br><br>19-cv-11509<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Curated Works Inc., doing business as Curated ("Curated" or "plaintiff"), by its attorneys Mandelbaum Salsburg, a Professional Corporation, as and for its Complaint against defendant Deal.com, also known as Deal.com Global, Inc. and doing business as Curated.com ("Deal.com" or "defendant"), complains and alleges as follows:

**NATURE OF THE ACTION**

1.       This is a claim for willful trademark infringement by the start-up company Deal.com of plaintiff's two federally registered U.S. trademarks for its Internet platform

CURATED (U.S. Reg. Nos. 5217483 and 5835133), which plaintiff has used since at least 2016 to match consumers with agencies and freelance service providers in the creative, technical and professional service fields, and for identifying and defining the scope and components of projects and comparing project proposals (the "CURATED Trademarks").

2. Plaintiff's online workplace integration tool harnesses the needs of contemporary business requirements such as outsourcing and automated payment platforms with 21st century tools, including, without limitation, social media, online content creation, website promotion, public relations, and search engine optimization ("SEO") to provide a centralized clearinghouse for service providers and their clients.

3. Defendant, together with its pre-eminent investor in e-commerce companies, Forerunner Ventures, which recently led Deal.com's $22 million Series A investment round, relies on leveraging its vast purchasing power in its business model.

4. Defendant strikes deals with manufacturers and service providers in the industries in which its experts operate – for example, bicycle manufactures and travel operators – to resell these goods and services to consumers via Deal.com's Curated online platform.

5. Utilizing its financial leverage, defendant did, notwithstanding its knowledge of plaintiff's preexisting business, trademarks and registrations, establish and promote an infringing entity wrongfully utilizing plaintiff's CURATED Trademarks, which includes, without limitation, the following infringing uses:

    a. a website published by defendant at the URL "curated.com," promoted under the brand name "Curated;" and

    b. social media webpages on Facebook and Instagram that, upon information and belief, are published by defendant or its collaborators and promote defendant's brand name "Curated."

6. Plaintiff brings this action to vindicate and enforce its rights in the CURATED Trademarks and under other applicable law with respect to defendant's conduct, to seek compensation for the injuries it has sustained as a result of that conduct, and for such other and further relief as the law and equity provide, as set forth in detail herein.

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff Curated Works Inc. d/b/a "Curated" is a corporation organized and existing under the laws of the State of Delaware having a principal place of business located at 205 Hudson St, 7th Floor, New York, New York 10013.

8. Curated is the record owner of the distinctive trademarks protected under and registered as U.S. federal trademarks, identified more specifically above and below.

9. Defendant Deal.com Inc. a/k/a Deal.Com Global, Inc. d/b/a "Deal.com" is a corporation organized and existing under the laws of the State of Delaware, having a principle place of business located at 1 Bluxome Street, #312, San Francisco, California 94107.

10. Because this action arises out of New York common law and the Trademark Act of July 5, 1946, as amended, 15 U.S.C. §1051 *et. seq*. (the "Lanham Act"), the Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (a) and 28 U.S.C. §1331 and 1338. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over claims arising under New York law because all of the claims herein arise out of a common nucleus of facts. The Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) because defendant is a corporate citizen of the State of California and the matter in controversy exceeds the sum of $75,000 exclusive of interests or costs.

11. The Court has personal jurisdiction over defendant because defendant maintains a continuous presence within the State of New York, including, upon information and belief, conducting business in New York. The Court also has personal jurisdiction over defendant on

the basis of specific jurisdiction because it distributes the infringing goods and services and has caused and continues to cause harm to defendant, in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c) because defendant is subject to personal jurisdiction in this district and a substantial part of the events giving rise to plaintiff's claims, including defendant's infringing acts, occurred in the District.

13. This Court has jurisdiction to enter injunctive relief pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

## FACTUAL ALLEGATIONS

### A.   Plaintiff's Business and Its Trademarks

14. Plaintiff provides wholistic solutions to creators and consumers of new goods and services integrating innovative marketing, advertising, and other business approaches to enrich its client's projects. Using its unique expertise in these areas, plaintiff has harnessed these attributes to bring to market an online ecosystem using its CURATED Trademarks.

15. Central to plaintiff's business model is the existence of a dedicated account manager who facilies a unique customized consumer experience.

16. Since at least 2016, plaintiff has continuously, without interruption, offered, sold, created and maintained its services under the CURATED Trademarks.

17. Plaintiff has widely promoted its CURATED Trademarks for years prior to defendant, including by use of online display and advertising campaigns across a variety of Internet and mobile platforms.

18. Since at least 2016, plaintiff has done business under the name "CURATED", holding itself out as "CURATED" in offering its services, operating a website at www.curated.io, maintaining an active Twitter account with the name or "handle" @curated, and maintaining

4818-9934-7118, v. 1

Facebook and Instagram accounts utilizing its CURATED name and marks as well as undertaking other promotional activities.

19.     This CURATED-brand marketing has resulted in many thousands of viewer impressions on the www.curated.io website since 2016.

20.     On June 20, 2016, plaintiff applied with the United States Patent and Trademark Office ("PTO") to register its first of two CURATED Trademarks as a standard character mark with the following description of services in International Class 42: "Providing a web hosting platform for matching consumers with agencies and freelance service providers in the creative, technical, and professional service fields."

21.     Plaintiff's application to register its CURATED Trademark as a standard character mark was published for opposition on January 9, 2018, for which no opposition was filed, and the PTO registered the mark as U.S. Registration No. 5,835,133 on August 13, 2019.

22.     On October 25, 2016, plaintiff applied with the PTO to register a second CURATED Trademark as a standard character mark with the following description of services in International Class 42: "Providing temporary use of a web-based software application for identifying and defining the scope and components of projects and comparing project proposals."

23.     Plaintiff's application to register its CURATED Trademark as a standard character mark was published for opposition on March 21, 2017, for which no opposition was filed, and the PTO registered the mark as U.S. Registration No. 5,217,483 on June 6, 2017.

   B.   **Defendant's Willful Infringement of CURATED's Trademark and Misappropriation of its Online Identity**

24.     Defendant's infringing Curated brand was founded in 2017 as Deal.com, and has grown rapidly under the direction of its co-founders, Eduardo Vivas and Alex Vauthey.

4818-9934-7118, v. 1

25. Defendant's online platform located at www.curated.com aims to bring together people and products by matching customers in search of large ticket price consumer goods and services with niche-market "experts."

26. A foundational principle undergirding defendant's platform is, in Mr. Vauthey's words:

> We wanted to continue creating economic opportunity for people by connecting people. This is what we had been doing at LinkedIn, and we all felt that it would keep feeding our souls to continue. Building technology to power human connections, as opposed to building technology that replaces humans, is very important to us.

27. Notwithstanding its knowledge of plaintiff's preexisting business, trademarks, and trademark registrations, defendant has established and promoted its online platform located at www.curated.com that infringes plaintiff's CURATED Trademarks.

28. Upon information and belief, defendant has created and operated a website with the URL www.curated.com since at least February 2019, having acquired the Internet domain from a third-party in 2018.

29. Defendant's registration and use of the URL www.curated.com encompasses plaintiff's CURATED Trademarks in their entirety.

30. Defendant has, and continues to, operate its concierge-based matching services in the United States that advertise, market, and sell high-end consumer goods and services under the brand Curated.

31. In April 2019 defendant applied to register three federal trademarks, including at least two that incorporate the term "CURATE," and at least one of which was for the mark "CURATED" which sought to claim services for (i) "software as a service (SAAS) services [*sic*] featuring software for e-commerce" in International Class 9; and (ii) "Providing an online

4818-9934-7118, v. 1

marketplace connecting experts, consumers, and sellers; provision of an online marketplace for buyers of goods and services" in International Class 35 (U.S. Serial No. 88374513.)

32. Each of defendants' three trademark applications were initially refused by the PTO, including U.S. Serial No. 88374513 for CURATED on June 20, 2019.

33. The basis for the PTO's refusal of U.S. Serial No. 88374513 was, *inter alia*, plaintiff's prior-filed, then-pending trademark application for CURATED (U.S. Serial No. 87077697).

34. On November 27, 2019, defendant submitted a Response to an Office Action issued by PTO ("Response"), in which it deleted the goods listed in International Class 9 and amended its services in Class 35 to "Providing an online marketplace connecting experts, consumers, and sellers in the fields of specialty goods and services, customized experiences, sporting excursions, customized travel and accessories therefor; Provision of an online marketplace for buyers of goods and services in the fields of specialty goods and services, customized experiences, sporting excursions, customized travel and accessories therefor."

35. The defendant's Response did not address the PTO's refusal based on U.S. Serial No. 88374513.

36. Defendant has also widely adopted and promoted, including by prominently featuring on its website, the use of https://www.facebook.com/curateddotcom and https://www.instagram.com/curated.official which makes further use of the CURATED Trademarks, which are also further infringing.

37. Plaintiff and its followers and users have utilized its own Facebook and Instagram accounts since the fall of 2016.

38. Upon information and belief, defendant is engaged in other advanced SEO practices to promote its infringing use of the CURATED Trademarks, the result of which has

been defendant succeeding in obtaining Google's top search results for its URL www.curated.com.

39. As a result of defendant's conduct or that of its collaborators or others working in concert with defendant, plaintiff has been "delisted" from the first-level page position in Google searches for the term "Curated," as a result of which Internet users are routinely referred, not to plaintiff's website, but to the goods and services offered by defendant or its collaborators.

40. Defendant's actions have not only resulted in a likelihood of confusion and actual confusion, but in reverse confusion of the CURATED Trademarks, effectively dooming plaintiff's ability to make use of, develop and enjoy the benefits of its brand.

41. Upon information and belief, defendant is earning substantial revenues from the sale of its Curated branded goods and services available at www.curated.com.

42. Plaintiff has demanded that defendant cease its infringing conduct, placing defendant on notice not only of plaintiff's CURATED Trademarks but of the specific commercial damage being caused by defendant's conduct.

43. On September 17, 2019, plaintiff, through counsel, transmitted a letter to defendant demanding that it immediately cease and desist its infringement.

44. Among other things, plaintiff's demand letter made clear that: (i) defendant's use of, and U.S. federal trademark application for, CURATED was unauthorized and infringing; (ii) defendant's CURATED mark was identical to plaintiff's mark in that the two marks look and sound the same and have the same meaning; and (iii) both brands are marketed via the Internet, which in the absence of any restriction set forth in defendant's trademark application are presumed to travel within the same marketing channels, thereby increasing a likelihood of confusion.

4818-9934-7118, v. 1

45. Receipt of plaintiff's demand was acknowledged in writing by defendant's counsel at least as of September 26, 2019.

46. Counsel for the parties spoke in the days that followed, whereupon defendant's counsel indicated that defendant refused to alter its conduct whatsoever in response to plaintiff's demand letter.

47. Indeed, defendant has, since receiving notice of plaintiff's objection, "doubled-down" in its mistaken belief that its use of Curated and www.curated.com is in some way appreciably different than plaintiff's use of its CURATED Trademarks.

48. Defendant's understanding in this regard is false.

49. By virtue of the conduct alleged above, defendant has infringed plaintiff's rights in its CURATED Trademarks and caused actual confusion and reverse confusion, causing harm to plaintiff that, if not enjoined by this Court, will continue.

50. Defendant's attempt to steamroll its way over and past plaintiff's superior and senior rights in plaintiff's CURATED Trademarks threatens to erect a commercial, branding and legal roadblock to plaintiff's entitlement to, and the expansion of, plaintiff's business under its CURATED Trademarks, including with respect to areas of logical and foreseeable expansion beyond the services in which plaintiff was engaged when defendant first became aware of plaintiff's trademark rights as well as the extent of plaintiff's rights and foreseeable zone of expansion in the use of the CURATED Trademarks as of today.

**FIRST CAUSE OF ACTION**
**Trademark Infringement**
**<u>15 U.S.C. § 1114(1)</u>**

51. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

52. Plaintiff's CURATED Trademarks are inherently distinctive.

53. Plaintiff's registration of its CURATED Trademarks are valid, subsisting, are in full force and effect, and the trademarks thereof and the goodwill of the business of plaintiff in connection with which its trademarks are used has never been abandoned.

54. Plaintiff intends to continue to preserve and maintain its rights with respect to its trademark registrations for the CURATED Trademarks.

55. Plaintiff's CURATED Trademarks and the goodwill associated therewith are of inestimable value to plaintiff.

56. Upon information and belief, defendant commenced the aforementioned activities with full knowledge of the rights and value of plaintiff's CURATED Trademarks, without the consent of plaintiff and, subsequently, despite plaintiff's explicit objections.

57. Defendant's conduct as alleged herein constitutes willful and intentional infringement of plaintiff's CURATED Trademarks.

58. Defendant's infringement of the CURATED Trademarks is likely to cause confusion and mistake in the minds of the purchasing public, and has done so.

59. Defendant's infringement of the CURATED Trademarks tends to and does falsely create the impression that the products and services sold by defendant are authorized, sponsored, or approved by plaintiff, when they are not.

60. Alternatively, or in addition to the foregoing, defendant's infringement of the CURATED Trademarks is likely to cause reverse confusion, tending to and falsely creating the impression that the products and services sold by defendant are either authorized, sponsored, or approved by plaintiff or the false impression that plaintiff is infringing the rights of defendant; moreover, such reverse confusion has occurred.

4818-9934-7118, v. 1

61. In advertising, offering for sale, distributing, and/or selling its infringing products and services, defendant has acted willfully, in bad faith, and in reckless disregard of plaintiff's rights.

62. Plaintiff is suffering irreparable harm and damage as a result of the acts of defendant as aforesaid in an amount thus far not determined and has no adequate remedy at law.

63. To the extent that defendant derives a profit from the advertising, distribution, and sale of its infringing products or services, defendant has been unjustly enriched as plaintiff's expense. Plaintiff is therefore entitled to an accounting and disgorgement of all profits gained by defendant from its advertisement, manufacture, distribution, or sale of defendant's infringing products or services.

## SECOND CAUSE OF ACTION
### False Designation of Origin and False Description
### 15 U.S.C. §1125(a)(1)(A)

64. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

65. Upon information and belief, defendant has used in connection with the sale of its products and services, false designations of origin and false descriptions and representations, including the CURATED Trademarks, that tend falsely to describe or represent its goods and services.

66. Defendant's use of the CURATED Trademarks constitutes the use of false designations of origin and false descriptions and representations with respect to goods and services sold by defendant.

67. Upon information and belief, defendant has acted as alleged with the express intent to improperly appropriate the valuable trademark rights of plaintiff.

4818-9934-7118, v. 1

68. Alternatively, or in addition to the foregoing, defendant has acted as alleged in order to cause reverse confusion and thereby to extinguish or damage the value of plaintiff's trademark rights for defendant's benefit and notwithstanding that plaintiff's rights were established prior in time to defendant's use of plaintiff's marks.

69. Plaintiff is suffering irreparable harm and damage as a result of the acts of defendant as aforesaid in an amount thus far not determined and has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### Federal Cybersquatting
### 15 U.S.C. §1125(d)(1)(A)

70. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

71. Plaintiff is the exclusive owner and proprietor of all rights, title and interest in its CURATED Trademarks.

72. The CURATED Trademarks are distinctive and have acquired strong secondary meaning signifying plaintiff.

73. Plaintiff's CURATED Trademarks were distinctive prior to the registration of or use by defendant of the curated.com domain name.

74. Upon information and belief, defendant has registered, trafficked in, and used the curated.com domain name.

75. Defendant's registration and use of the curated.com domain name violates plaintiff's rights as the owner of its CURATED Trademarks in that the subject domain name is confusingly similar to plaintiff's CURATED Trademarks.

76. Upon information and belief, defendant had, and continues to have, bad faith intent to profit from its registration and use of the curated.com domain name.

4818-9934-7118, v. 1

77. Defendant willfully and intentionally operates the domain curated.com with reckless or willful disregard of plaintiff's rights in the CURATED Trademarks.

78. The foregoing acts of defendant have caused, and are continuing to cause, irreparable injury to plaintiff and to its goodwill and reputation, and will continue to damage plaintiff and deceive the public unless enjoined by this Court.

79. Plaintiff has no adequate remedy at law, injunctive relief is warranted considering the hardships between plaintiff and defendant, and the public interest would be served by enjoining defendant's unlawful activities in addition to damages to be determined at trial.

### FOURTH CAUSE OF ACTION
### Common Law Unfair Competition

80. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

81. Upon information and belief, defendant has intentionally and in bad faith appropriated the CURATED Trademarks with the intent of causing confusion, mistake, and deception as to the source of its goods and services or to otherwise wrongfully benefit from the infringement of plaintiff's rights without due compensation.

82. Defendant's conduct as described herein constitutes common law unfair competition under New York State law.

83. Defendant's conduct has been and is willful and intentional.

84. Plaintiff is suffering irreparable harm and damage as a result of the acts of defendant as aforesaid in an amount thus far not determined and has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREOF**, plaintiff demands:

I. That a preliminary and permanent injunction be issued enjoining defendant and its agents, servants, employees and attorneys and those persons in active concert or participation with them:

A. From using the CURATED Trademarks or any mark similar thereto in connection with the sale of any unauthorized goods or services or the rendering of any goods or services;

B. From using any logo, trade name, or trademark that may be calculated to falsely represent or which has the effect of falsely representing that the goods or services of defendant or of third parties are sponsored by, authorized by or in any way associated with plaintiff;

C. From infringing the CURATED Trademarks;

D. From otherwise unfairly competing with plaintiff;

E. From falsely representing itself as being connected with plaintiff or sponsored by or associated with plaintiff or engaging in any act which is likely to falsely cause the trade, retailers or members of the purchasing public to believe that defendant is associated with plaintiff;

F. From falsely misrepresenting in commercial advertising or promotion the nature, characteristics and qualities of defendant's goods and services;

G. From using any reproduction, counterfeit, copy, or colorable imitation of the CURATED Trademarks in connection with the publicity, promotion, sale, or advertising of any goods or services sold by defendant, including, without limitation, its products and services, social media offerings, or promotions, broadcasts or online communications utilizing a copy or colorable imitation of the CURATED Trademarks; and

      H.     From affixing, applying, annexing, uttering, broadcasting, uploading, or using in connection with the sale of any goods or services, a false description or representation, including words or other symbols, tending falsely to describe or represent such goods as being those of plaintiff and from offering such goods in commerce.

    II.     That defendant be required, at plaintiff's election, either (i) to pay plaintiff its actual damages as provided for under 15 U.S.C. § 1117(a); or (ii) account to plaintiff for all profits resulting from defendant's infringing activities and that such award of profits to plaintiff be increased by the Court as provided for under 15 U.S.C. § 1117(a).

    III.    An order transferring the domain curated.com to plaintiff.

    IV.    That plaintiff recover from defendant its costs of this action and plaintiff's reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

    V.     That plaintiff recover from defendant punitive damages in a sum to be determined at trial on the basis of defendant's deliberate and intentional infringement and unfair competition.

    VI.    That defendant be ordered to disseminate corrective advertising to dispel and correct the false, misleading and deceptive impressions created or caused by advertising for its infringing goods and services, or that plaintiff be awarded as damages an amount sufficient to prepare, publish or otherwise disseminate the same.

    VII.    That defendant be ordered to deliver up to plaintiff for destruction all labels, stickers, signs, prints, packages, wrappers, receptacles, advertisements, and all other written or printed material in their possession, custody or control that bears the CURATED Trademarks, alone or in combination with any other words, marks or other elements.

    VIII.   That plaintiff have all other and further relief as the Court may deem just and proper under the circumstances.

4818-9934-7118, v. 1

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Curated Works Inc., demands trial by jury in this action of all issues so triable.

                                                          **MANDELBAUM SALSBURG P.C.**

By: _____
      Joel G. MacMull
1270 Avenue of the Americas – Suite 1808
New York, NY  10020
212-776-1834
jmacmull@lawfirm.ms

Ashley K. Long
(*Admission Pro Hac Vice Pending*)
**CARNEY BADLEY SPELLMAN P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
206-622-8020
long@carneylaw.com

*Attorneys for Plaintiff Curated Works Inc.*

Dated:  December 16, 2019

4818-9934-7118, v. 1