UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURATED WORKS INC., d/b/a CURATED,<br><br>           Plaintiff,<br><br>     vs.<br><br>DEAL.COM, INC. a/k/a DEAL.COM GLOBAL, INC. d/b/a CURATED.COM,<br><br>           Defendant. | Civil Action No. 1:19-cv-11509-LAK-GWG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
DEAL.COM, INC., D/B/A CURATED.COM'S MOTION TO DISMISS
<u>THIRD CAUSE OF ACTION IN PLAINTIFF'S COMPLAINT</u>**

Erica J. Van Loon (*pro hac vice pending*)
LATHROP GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 789-4659
Facsimile:  (310) 789-4601
Erica.VanLoon@LathropGPM.com

*Attorneys for Defendant
Deal.com, Inc. d/b/a Curated.com*

32113513

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. STATEMENT OF FACTS ..................................................................................... 2

III. THE COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION FOR FEDERAL CYBERSQUATTING ......................................................................... 3

    A. LEGAL STANDARD ................................................................................ 3

    B. THE THIRD CAUSE OF ACTION FOR FEDERAL CYBERSQUATTING FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .............................................................. 4

IV. CONCLUSION ....................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arista Records, LLC v. Doe 3*,
 604 F.3d 110 (2d Cir. 2010)...............................................................................................4

*Ashcroft v. Iqbal*,
 556 U.S. 662, 129 S.Ct. 1937 (2009)..........................................................................3, 4, 7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544, 127 S.Ct. 1955 (2007)..............................................................................3, 4

*D'Addario v. D'Addario*,
 901 F.3d 80 (2d Cir. 2018), *cert. denied,* 139 S. Ct. 1331 (2019)....................................4

*Flat Rate Movers Ltd. v. FlatRate Moving & Storage, Inc.*,
 No. 13–CV–0059, 2015 WL 1849834 (S.D.N.Y. Apr. 22, 2015) ......................................7

*Gioconda Law Grp. PLLC v. Kenzie*,
 941 F. Supp. 2d 424 (S.D.N.Y. 2013).............................................................................5, 6

*Kaplan, Inc. v. Yun*,
 16 F. Supp. 3d 341 (S.D.N.Y. 2014).......................................................................5, 6, 7, 8

*Lewittes v. Cohen*,
 No. 03 Civ. 189, 2004 WL 1171261 (S.D.N.Y. May 26, 2004).........................................6

*Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*,
 No. 14 CIV. 7170 CM, 2014 WL 5585339 (S.D.N.Y. Oct. 30, 2014) .....................1, 5, 6, 8

*Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*,
 202 F.3d 489 (2d Cir. 2000)................................................................................................5

*Webadviso v. Bank of Am. Corp.*,
 448 F. App'x 95 (2d Cir. 2011) .......................................................................................1, 5

*Zimmerli Textil AG v. Kabbaz*,
 No. 14-CV-1560 JS AYS, 2015 WL 5821523 (E.D.N.Y. Sept. 30, 2015)......................7, 8

**Statutes**

15 U.S.C. § 1114(1) ....................................................................................................................3

15 U.S.C. § 1125(a)(1)(A) ..........................................................................................................3

15 U.S.C. § 1125(d)(1)(A)................................................................................................. *passim*

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................1, 3

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Deal.com, Inc. d/b/a Curated.com ("Defendant" or "Curated.com") respectfully submits this memorandum of law in support of its motion to dismiss the third cause of action in Plaintiff's Complaint for violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1)(A).

## I.   INTRODUCTION

The cybersquatting claim should be dismissed because Plaintiff Curated Works Inc. ("Plaintiff" or "Curated Works") does not, and cannot, plead the facts necessary to show that Curated.com has a "bad faith intent to profit" from the CURATED mark.

The ACPA was enacted to prohibit a party from buying up internet domain names for the purpose of ransoming them to the companies or individuals who might more naturally be expected to hold them.  *Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*, No. 14 CIV. 7170 CM, 2014 WL 5585339, at *6 (S.D.N.Y. Oct. 30, 2014).  That was not Defendant's purpose in registering curated.com, and Plaintiff does not allege otherwise.

To establish its ACPA claim, Curated Works must show that Curated.com has a "bad faith intent to profit" from the CURATED mark.  *Webadviso v. Bank of Am. Corp.*, 448 F. App'x 95, 97 (2d Cir. 2011).  Courts in the Second Circuit repeatedly have held that the allegation that a defendant infringed the plaintiff's trademark in registering and using a confusingly similar domain name, in and of itself, is insufficient to establish the "bad faith intent to profit."  Rather, the plaintiff must show that defendant's use of the domain name is an attempt to profit specifically from "squatting" on the domain name with bad faith.  Curated Works does not, and *cannot* allege, that Curated.com had any purpose to ransom or sell its website to Curated Works, or that Curated.com ever offered to sell or exchange the curated.com domain name.

Because Plaintiff cannot remedy the defects in the third cause of action, Curated.com respectfully requests that the Court dismiss the claim with prejudice and without leave to amend.

II.     **STATEMENT OF FACTS**

Defendant Curated.com provides a marketplace on its curated.com website that aims to bring together people and products by matching customers in search of large ticket price consumer goods and services with niche-market "experts." Complaint ¶ 25. Curated.com strikes deals with manufacturers and service providers in the industries in which its experts operate – for example, bicycle manufacturers and travel operators – to resell these goods and services to consumers via its online platform. *Id.* ¶ 4. Curated.com operates its concierge-based matching services, and advertises, markets, and sells high-end consumer goods and services, under the name Curated. *Id.* ¶ 30.

In April 2019, Curated.com applied to register its CURATED trademark with the United States Patent and Trademark Office ("PTO") in International Classes 9 and 35. *Id.* ¶ 31. In its November 27, 2019 response to the PTO's June 20, 2019 Office Action, Curated.com informed the PTO that it was deleting Class 9 from its application and revising its identification of services under Class 35 to read: "Providing an online marketplace connecting experts, consumers, and sellers in the fields of specialty goods and services, customized experiences, sporting excursions, customized travel and accessories therefor; Provision of an online marketplace for buyers of goods and services in the fields of specialty goods and services, customized experiences, sporting excursions, customized travel and accessories therefor." *Id.* ¶¶ 32, 34.

Plaintiff Curated Works operates the website curated.io, an online workplace integration tool, which Plaintiff uses to match consumers with agencies and freelance service providers in the creative, technical, and professional service fields, and for identifying and defining the scope and components of projects and comparing project proposals. *Id.* ¶¶ 1-2, 18.

Curated Works is the record owner of U.S. Registration No. 5,217,483 for the mark CURATED in International Class 42 for use in "[p]roviding temporary use of a web-based

software application for identifying and defining the scope and components of projects and comparing project proposals." *Id.* ¶¶ 22-23.  Curated Works also is the record owner of U.S. Registration No. 5,835,133 for the mark CURATED in International Class 42 for use in "[p]roviding a web hosting platform for matching consumers with agencies and freelance service providers in the creative, technical, and professional service fields." *Id.* ¶¶ 20-21.

Although there is no similarity between the services offered by Defendant Curated.com using its CURATED trademark and the services offered by Plaintiff Curated Works using its CURATED trademarks, as Curated.com's counsel advised Curated Works' counsel at the end of last year (*id.* ¶¶ 45-47), Curated Works nonetheless commenced this action on December 16, 2019.  The Complaint asserts four causes of action: (1) trademark infringement under 15 U.S.C. § 1114(1); (2) false designation of origin and false description under 15 U.S.C. § 1125(a)(1)(A); (3) federal cybersquatting under 15 U.S.C. § 1125(d)(1)(A); and (4) common law unfair competition.  While all four causes of action are factually meritless, the federal cybersquatting claim should be dismissed now because it fails to state a claim upon which relief can be granted.

### III.  THE COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION FOR FEDERAL CYBERSQUATTING

#### A.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1973 (2007).  A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

In considering a motion to dismiss, a district court must "accept as true all facts alleged in the Complaint, drawing all reasonable inferences in favor of the plaintiff." *D'Addario v. D'Addario*, 901 F.3d 80, 86 n.1 (2d Cir. 2018), *cert. denied,* 139 S. Ct. 1331 (2019). However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[R]ather, the complaint's '[f]actual* allegations must be enough to raise a right to relief above the speculative level,' *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (emphasis added), *i.e.*, enough to make the claim 'plausible,' *id.* at 570, 127 S.Ct. 1955." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). A complaint is properly dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S.Ct. at 1966.

### B. THE THIRD CAUSE OF ACTION FOR FEDERAL CYBERSQUATTING FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The ACPA, 15 U.S.C. § 1125(d)(1)(A), provides pertinent part that:

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—
>
> (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
>
> (ii) registers, traffics in, or uses a domain name that—
>
> > (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark . . . .

The Second Circuit has held that, "[t]o successfully assert a claim under the ACPA, a plaintiff must demonstrate that (1) its marks were distinctive at the time the domain name was registered; (2) the infringing domain names complained of are identical to or confusingly similar to plaintiff's mark; and (3) the infringer has a bad faith intent to profit from that mark." *Webadviso*, 448 F. App'x at 97; *see also Gioconda Law Grp. PLLC v. Kenzie,* 941 F. Supp. 2d 424, 430 (S.D.N.Y. 2013) (same). Plaintiff's federal cybersquatting claim should be dismissed because Plaintiff does not, and cannot, allege that Curated.com has a bad faith intent to profit from the CURATED mark.

The ACPA was enacted "to protect consumers and holders of distinctive trademarks from 'cybersquatting,' which 'involves the registration as domain names of well-known trademarks by non-trademark holders who then try to sell the names back to the trademark owners.'" *Webadviso*, 448 F. App'x at 97 (2d Cir. 2011) (quoting *Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 493 (2d Cir. 2000)); *see also Small Bus. Bodyguard, Inc.,* 2014 WL 5585339, at *6 (the ACPA was enacted "to prohibit a party from buying up internet domain names for the purpose of ransoming them to the companies or individuals who might more naturally be expected to hold them"). Courts in the Second Circuit repeatedly have dismissed ACPA claims where the plaintiff failed to allege that the defendant offered to sell the allegedly infringing domain name back to the plaintiff.

In *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341 (S.D.N.Y. 2014), plaintiffs brought a cybersquatting claim under the ACPA. In response to defendants' motion to dismiss, plaintiffs pointed to only three lines of conclusory allegations that the defendants registered a "confusingly similar" domain name "with the bad faith intent to profit" and "with full knowledge of Plaintiffs' exclusive rights in the [allegedly infringed] mark." *Id.* at 350-51. The court held that "[t]he

-5-

allegation that the defendants infringed the plaintiffs' trademark in registering and using a confusingly similar domain name, in and of itself, is insufficient to establish the 'bad faith intent to profit' under the ACPA" because "[t]he ACPA is not an all-purpose tool designed to allow the holders of distinctive marks the opportunity to acquire any domain name confusingly similar to their marks." *Id.* at 351 (quoting *Gioconda Law Grp. PLLC,* 941 F. Supp. 2d at 437). The court dismissed the ACPA claim, holding that:

> [T]he allegations in the Complaint regarding the defendants' use of the domain name simply show another aspect of the alleged trademark infringement, rather than an attempt to profit specifically from 'squatting' on the domain name with bad faith. These allegations do not suggest that defendants "perpetrated the core activities that threaten to result in the paradigmatic harm that the ACPA was enacted to eradicate," that is, "the proliferation of cybersquatting—the Internet version of a land grab." *See Lewittes v. Cohen,* No. 03 Civ. 189, 2004 WL 1171261, at *8 (S.D.N.Y. May 26, 2004) (citation and internal quotation marks omitted) (dismissing cybersquatting claim).

*Id.* at 351.

The plaintiff in *Small Bus. Bodyguard, Inc.* similarly asserted an ACPA claim. The court dismissed the claim *with prejudice* because "SBBI does not allege that [defendant] HOM had any such purpose [of ransoming its website], complaining merely that HOM created a website with a confusingly similar name to SBBI's website." 2014 WL 5585339 at *6-7. The court agreed with the holding in *Kaplan* that "the allegation that the defendants infringed the plaintiff's trademark in registering and using a confusingly similar domain name, in and of itself, is insufficient to establish the 'bad faith intent to profit' [necessary to stating a claim] under the ACPA." *Id.* (brackets in original). Plaintiff failed to state a claim under the ACPA because, "as in *Kaplan,* SBBI's cybersquatting claim 'simply show[s] another aspect of the alleged trademark infringement, rather than an attempt to profit specifically from 'squatting' on the domain name with bad faith.'" *Id.* (quoting *Kaplan*, 16 F. Supp. 3d at 351).

In *Zimmerli Textil AG v. Kabbaz*, No. 14-CV-1560 JS AYS, 2015 WL 5821523 (E.D.N.Y. Sept. 30, 2015), defendants argued that plaintiff failed to plausibly allege that they registered the allegedly infringing domains with a "bad faith intent to profit," and thus failed to state an ACPA claim. *Id.* at *5. The court agreed, stating that a "bad faith intent to profit" is "a term of art in the statute and cannot be equated with 'bad faith' in other contexts (such as trademark infringement)." *Id.* (quotation marks and citations omitted). Relying on *Kaplan* and *Flat Rate Movers Ltd. v. FlatRate Moving & Storage, Inc.,* No. 13–CV–0059, 2015 WL 1849834, *6 (S.D.N.Y. Apr. 22, 2015), the court held that "[a] plaintiff must show that the defendant's use of the domain name is an attempt to profit specifically from 'squatting' on the domain name with bad faith, rather than simply . . . another aspect of the alleged trademark infringement." *Id.* (quotation marks omitted; ellipsis in original). The court dismissed the cybersquatting claim because "the Complaint never alleges that Defendants ever offered to sell or exchange the Infringing Domain names." *Id.* at *6.

As in *Kaplan*, Curated Works' cybersquatting claim alleges only that "Defendant's registration and use of the curated.com domain name violates plaintiff's rights as the owner of its CURATED Trademarks in that the subject domain name is confusingly similar to plaintiff's CURATED Trademarks" and that "defendant had, and continues to have, bad faith intent to profit from its registration and use of the curated.com domain name." Complaint ¶¶ 75-76. Curated Works' conclusory statement regarding Defendant's alleged bad faith is a "threadbare recital of the element[] of a cause of action" that does not suffice to state a claim. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *see also Kaplan*, 16 F. Supp. 3d at 350 ("On a motion to dismiss, the Court should discount any conclusory allegations").

Curated Works does not, and cannot allege, that Curated.com had any purpose to ransom or sell its website to Curated Works, or that Curated.com ever offered to sell or exchange the curated.com domain name.  Curated Works' allegation that Curated.com infringed its trademark in registering and using a confusingly similar domain name, "in and of itself, is insufficient to establish the 'bad faith intent to profit' under the ACPA." *Kaplan*, 16 F. Supp. 3d at 351; *Small Bus. Bodyguard, Inc.*, 2014 WL 5585339 at *6.  Curated Works' federal cybersquatting claim "simply show[s] another aspect of the alleged trademark infringement, rather than an attempt to profit specifically from 'squatting' on the [curated.com] domain name with bad faith," and thus fails to state an ACPA claim as a matter of law.  *Kaplan*, 16 F. Supp. 3d at 351; *Small Bus. Bodyguard, Inc.*, 2014 WL 5585339 at *6; *Zimmerli*, 2015 WL 5821523 at *5.

## IV.   CONCLUSION

For all the foregoing reasons, the Court should dismiss the third cause of action in the Complaint for federal cybersquatting, with prejudice and without leave to amend.

Dated:  January 30, 2020

Respectfully submitted,

*/s/ Erica J. Van Loon*

Erica J. Van Loon (*pro hac vice pending*)
LATHROP GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 789-4659
Facsimile:  (310) 789-4601
Erica.VanLoon@LathropGPM.com

*Attorneys for Defendant*
*Deal.com, Inc. d/b/a Curated.com*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 30, 2020, I filed and therefore caused the foregoing Memorandum of Law in Support of Defendant Deal.Com, Inc., d/b/a Curated.com's Motion to Dismiss Third Cause of Action in Plaintiff's Complaint to be served via CM/ECF in the United States District Court for the Southern District of New York on all parties registered for CM/ECF in the above-captioned matter.

*/s/ Erica J. Van Loon*

Erica J. Van Loon (*pro hac vice pending*)
LATHROP GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 789-4659
Facsimile:  (310) 789-4601

*Attorneys for Defendant*
*Deal.com, Inc. d/b/a Curated.com*