Joel G. MacMull
**MANDELBAUM SALSBURG P.C.**
1270 Avenue of the Americas, Suite 1808
New York, NY 10020
212-776-1834
jmacmull@lawfirm.ms

Ashley K. Long (*Admission Pro Hac Vice Pending*)
**CARNEY BADLEY SPELLMAN P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
206-622-8020
long@carneylaw.com

*Attorneys for Plaintiff Curated Works, Inc.*

| | |
|---|---|
| CURATED WORKS INC., d/b/a CURATED,<br><br>*Plaintiff*,<br><br>- *vs.*-<br><br>DEAL.COM, INC. a/k/a DEAL.COM GLOBAL, INC. d/b/a CURATED.COM<br><br>*Defendant*. | CIVIL ACTION NO.<br><br>19-cv-11509 (LAK) (GWG)<br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

This matter having come before the Court by stipulation of Plaintiff Curated Works, Inc., d/b/a CURATED ("Plaintiff" or "Curated Works") and Defendant Deal.com, Inc. a/k/a Deal.com Global, Inc. d/b/a Curated.com ("Defendant" or "Deal.com") (collectively, the "parties"), for the entry of a protective order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either party and its respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below (the "Stipulation"); and the parties, by, between and among their respective counsel, having

stipulated and agreed to the terms set forth herein, and good cause having been shown.

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents, physical things, and information that the parties agree merit confidential treatment (hereinafter the "Documents," "Discovery Responses," or "Testimony").

2. Any party or non-party may designate Confidential Discovery Material produced or given in this action as **"Confidential"** or **"Confidential: Attorneys' Eyes Only,"** either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto and appropriate non-parties, or by other appropriate means.

3. As used herein:

    A. **"Confidential Discovery Material"** shall mean information designated as "Confidential," if such documents contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients. Confidential Discovery Material includes that information designated as **"Confidential: Attorneys' Eyes Only,"** as defined herein, unless otherwise specified. Confidential Discovery Material shall not include information that (a) was or is public knowledge, not in violation of this Stipulation, (b) is acquired by the non-designating party from a third party having the right of disclosure of such Confidential Discovery Material, or (c) was lawfully possessed by the non-designating party prior to entry by the Court of this Stipulation.

2

4828-5011-3720, v. 1

B. **"Confidential: Attorneys' Eyes Only"** information shall mean that Confidential Discovery Material containing information which, in the good faith determination of the Producing Party, is of such a nature that identifiable harm may result to the Producing Party or any other individual or entity other than the Receiving Party, whether a party or non-party to the action, if that Confidential Discovery Material is disclosed to all or any other parties to the action.

C. **"Producing Party"** shall mean the parties to this action and any nonparties producing Confidential Discovery Material in connection with depositions, document production, or otherwise, or the party or non-party asserting the confidentiality privilege.

D. **"Receiving Party"** shall mean the party to this action and/or any nonparty receiving Confidential Discovery Material in connection with depositions, document production, or otherwise.

4. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Discovery Material designated as **"Confidential"** shall not be furnished, shown, or disclosed to any person or entity except to:

A. personnel of the parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

B. counsel for the parties to this action, including in-house counsel, and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

C. the author(s) or recipient(s) of such Confidential Discovery Material;

4828-5011-3720, v. 1

D. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, provided, however, that such Confidential Discovery Material is furnished, shown, or disclosed in accordance with paragraph 7 hereof;

E. the Court and court personnel;

F. court reporters, stenographers, videographers, and any necessary secretarial, clerical, or other personnel of same;

G. trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 8, 9, and 10, respectively, hereof;

H. a court, administrative agency, or legislative body to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, except that the party from which the Confidential Discovery Material is sought shall (a) give written notice by overnight mail and either e-mail or facsimile to the counsel for the Producing Party within seven (7) calendar days of receipt of such order, subpoena, or direction, and (b) give the Producing Party seven (7) calendar days to object to the production of such Confidential Discovery Material if the Producing Party so desires; notwithstanding the foregoing, nothing in the subparagraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body;

I. a designated technical employee or consultant for each party to this action, provided that such Confidential Discovery Material is furnished, shown, or disclosed in accordance with paragraph 7 hereof;

4828-5011-3720, v. 1

J. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

K. any other person agreed to by the parties.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Discovery Material designated as **"Confidential: Attorneys' Eyes Only"** shall not be furnished, shown, or disclosed to any person or entity, including officers or other employees of the Receiving Party, except to:

A. outside counsel for the parties to this action, including their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

B. the author(s) or recipient(s) of such Confidential Discovery Material;

C. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action, at the trial of this action, or other proceeding herein, provided, however, that such Confidential Discovery Material is furnished, shown, or disclosed in accordance with paragraph 7 hereof;

D. the Court and court personnel;

E. trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 8, 9, and 10, respectively, hereof;

F. a court, administrative agency, or legislative body to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, except

4828-5011-3720, v. 1

that the party from which the Confidential Discovery Material is sought shall (a) give written notice by overnight mail and either e-mail or facsimile to the counsel for the Producing Party within seven (7) calendar days of receipt of such order, subpoena, or direction, and (b) give the Producing Party seven (7) calendar days to object to the production of such Confidential Discovery Material if the Producing Party so desires; notwithstanding the foregoing, nothing in the subparagraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body;

      G.    court reporters, stenographers, and videographers, and any necessary secretarial clerical or other personnel of same;

      H.    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

      I.    any other person agreed to by the parties.

6.    Confidential Discovery Material shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and shall not be used for any business, commercial, competitive, personal, or other purposes.

7.    Before any disclosure of Confidential Discovery Material is made to an expert witness or consultant pursuant to paragraph 4(D), 4(I), or 5(C) hereof, counsel for the Receiving Party shall obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Stipulation. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by Federal Rule of Civil Procedure 26(a)(2),

except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial or at any court hearing is not required to be supplied.

8. All deposition transcripts shall presumptively be treated as Confidential Discovery Material and subject to this Stipulation during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty (30) day period, the deposition transcript or portions thereof shall be classified appropriately. If no such classification is made, the deposition transcript or portions thereof shall not be considered to be Confidential Discovery Material.

9. This Stipulation shall not preclude counsel for the parties from using, during any deposition in this action, any documents or information which have been designated as **"Confidential"** or **"Confidential: Attorneys' Eyes Only"** under the terms hereof. Any witness who is given access to such Confidential Discovery Material shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party. If counsel for the Receiving Party intends to use a Producing Party's **"Confidential: Attorneys' Eyes Only"** material, only outside counsel for the Receiving Party (and no other individual associated with the Receiving Party), the Producing Party and its counsel, the witness (as long as that witness has signed and agreed to be bound by the Stipulation), the court reporter, stenographer, and videographer may remain in the room during the time the **"Confidential: Attorneys' Eyes Only"** information is being used. If a witness refuses to agree to be bound by the Stipulation, an application may be made to the Court, requesting that the Court direct the witness to be bound by the Stipulation.

4828-5011-3720, v. 1

10. A party or non-party may designate as **"Confidential"** or **"Confidential: Attorneys' Eyes Only,"** and make subject to this Stipulation, any Confidential Discovery Material produced or given by any nonparty to this case, or any portion thereof. In the case of Documents or Discovery Responses, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for both parties. In the case of Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for both parties. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Confidential Discovery Material shall be treated as if such material was designated **"Confidential."**

11. Filing with the Court any Confidential Discovery Material shall be prohibited unless the Confidential Discovery Material is filed under seal in accordance with the Court's Individual Practices. Nothing contained in this Stipulation shall be construed to prejudice any party's right to use Confidential Discovery Material at any hearing, trial, or appeal in this litigation. The confidentiality of such materials shall be protected as determined and directed by the Court.

12. In accordance with this Court's Individual Practices, in filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.

4828-5011-3720, v. 1

13. The parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14. Should the need arise for any of the parties to disclose Confidential Discovery Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon application of the Disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Discovery Material.

15. Any person receiving Confidential Discovery Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

16. Any Confidential Discovery Material that has been inadvertently produced without identification as to its "confidential" nature (as provided in this Stipulation), may be designated **"Confidential"** or **"Confidential: Attorneys' Eyes Only"** by the party asserting the confidentiality by written notice to counsel for the Receiving Party within a reasonable time following the discovery that the Confidential Discovery Material has been produced without such designation. The inadvertent failure by a Producing Party to designate Confidential Discovery Material as **"Confidential"** or **"Confidential: Attorneys' Eyes Only"** shall not waive any such designation provided that the Producing Party follows the procedures in this paragraph.

17. Extracts and summaries of Confidential Discovery Material shall also be treated as **"Confidential"** or **"Confidential: Attorneys' Eyes Only,",** as the case may be, in accordance with the provisions of this Stipulation.

4828-5011-3720, v. 1

18. Any party, at any time before the trial of this action, may object in writing to any designation of Confidential Discovery Material as **"Confidential"** or **"Confidential: Attorneys' Eyes Only"** by specifying the Confidential Discovery Material to which the objection is addressed and the grounds for the objection. Thereafter further protection of such material shall be resolved in accordance with the following procedures:

    A. The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

    B. Failing agreement, the objecting party may may make an application to the Court for a ruling that the Confidential Discovery Material in question is not entitled to the status and protection of the Designating Party's designation by complying with paragraph 2.A of the Court's Individual Practices.

    C. Notwithstanding any challenge to a designation, the Confidential Discovery Material in question designated **"Confidential"** or **"Confidential: Attorneys' Eyes Only"** shall continue to be treated as such under this Stipulation until one of the following occurs: (a) the party who designated the Confidential Discovery Material in question withdraws such designation in writing, or (b) the Court rules that the Confidential Discovery Material in question is not entitled to the designation.

4828-5011-3720, v. 1

19. The parties agree that any documents that are inadvertently produced after the date of this Stipulation that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege, shall not constitute a waiver of the applicable privilege. If any such document is inadvertently produced, the Receiving Party agrees that, upon request from the Producing Party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the Receiving Party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

20. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

21. Absent prior written consent of all Producing Parties, this Stipulation shall continue to be binding after the conclusion of this litigation.

22. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Discovery Material produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this

litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

24. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

25. In the event anyone shall violate or threaten to violate any term of this Stipulation (the "Responding Person"), the parties agree that the aggrieved party or non-party may immediately apply for relief to prevent the Responding Person from violating or threatening to violate any of the terms of this Order and, in the event that the aggrieved party shall do so, the Responding Person subject to this Stipulation shall not employ as a defense thereto that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to this Stipulation agree that the United States District Court for the Southern District of New York has jurisdiction over the person and party for the purposes of enforcing this Stipulation.

26. It is further stipulated and agreed that this Stipulation may be executed by the parties in one or more counterparts, all of which taken together shall constitute one and the same instrument, and shall become effective immediately upon execution of counterparts by all parties.

This Stipulation may be executed by the parties by facsimile or electronic signature, which signature shall be deemed original for the purposes of this Stipulation.

/s/ *Joel G. MacMull*
    Joel G. MacMull

MANDELBAUM SALSBURG P.C.
1270 Avenue of the Americas, Suite 1808
New York, NY 10020
212-776-1834
jmacmull@lawfirm.ms


Ashley K. Long (Pro Hac Vice Pending)

CARNEY BADELY SPELLMAN P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
206-622-8020
long@carneylaw.com

*Attorneys for Plaintiff Curated Works, Inc.*

/s/ *Erica J. Van Loon*
    Erica J. Van Loon (*pro hac vice*)

LATHROP GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
310-789-4659
Erica.VanLoon@LathropGPM.com

*Attorneys for Defendant
Deal.com, Inc. d/b/a Curated.com*

SO ORDERED this 9th day of April, 2020.

                                        GABRIEL W. GORENSTEIN
                                          United States Magistrate Judge

# **EXHIBIT A**

AFFIDAVIT OF: _____

STATE OF: _____

COUNTY OF: _____

1. My name is _____. I live at _____. I am employed as (state position and employer) _____.

2. I am aware that a Stipulated Confidentiality Order ("Confidentiality Order") regarding confidential information has been entered in the matter styled as Curated Works Inc., d/b/a CURATED v. Deal.com, Inc. a/k/a Deal.com Global Inc. d/b/a Curated.com, *et al.*, United States District Court, Southern District of New York, Case No. 19-cv-11509 (LAK) (GWG) (the "Court"). A copy of that Confidentiality Order has been given to me. I have carefully reviewed it and I understand its terms and conditions.

3. I promise that documents, information, and tangible items designated as "Confidential" or "Confidential: Attorneys' Eyes Only" under the Confidentiality Order entered in the above case will be used by me only as requested by counsel in connection with this particular litigation, even when discussing it with persons identified in paragraph 4 below.

4. I promise that I will not disclose or discuss confidential information with any persons other than counsel for any party or paralegal or clerical personnel assisting such counsel, and other persons permitted access to confidential information under the Confidentiality Order who have signed affidavits like this one, undertaking to preserve the confidentiality of confidential information.

5. I understand that any use of confidential information, or any portion or summaries thereof, or any information obtained therefrom, in any manner contrary to the provisions of the Confidentiality Order will subject me to the sanctions of the Court and any other claims for breach of the Confidentiality Order. By signing this Affidavit, I hereby knowingly and voluntarily submit, and waive any objection I might otherwise have, to personal jurisdiction of the Court for purposes of enforcing the Confidentiality Order.

_____
Signature

4828-5011-3720, v. 1