UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CURATED WORKS INC.,                              :

        Plaintiff,            :
                                                        ORDER
       -v.-                                   :
                                                        19 Civ. 11509 (LAK) (GWG)
DEAL.COM, INC.,                                  :

        Defendant.            :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      The Court has reviewed Docket ## 32 and 33. The Court expects that the parties will try to resolve discovery disputes without involving the Court. That is especially true in these unprecedented times.

      As for the disputes raised in the letter, the Court accepts defendant's explanation of the difficulties with document production. The defendant shall complete production by May 31, 2020, and shall produce documents on a rolling basis as soon as they are available.

      It is unclear what disputes remain regarding the nature of the defendant's general objections. Plaintiff's letter fails to comply with paragraph 2.A of the Court's Individual Practices in this regard by failing to specifically set forth what the defendant's position is as to each issue. For example, the plaintiff's letter suggests that the Court must rule on whether defendant properly objected to the word "defendant." Docket # 32 at *4 ("*_" indicates a page number assigned by the Court's ECF system.). But the defendant in its response says that it is not withholding any documents based on this specific objection. See Docket # 33 at *5. This is a matter that should have been fully aired by the parties before any letter was sent. In the end, the Court is in the dark as to what discussions have transpired as to plaintiff's disagreements with the general objections. If there is truly a dispute between the parties on this point, it must be presented in proper form. Because the Court is not convinced that Docket # 32 properly presents whatever disputes may remain, all requests for relief regarding the scope of objections are denied.

      The scope of the interrogatory requests stand on a somewhat different footing. The defendant must understand that the word "key" is ambiguous and that its interrogatory responses should not be tied to a subjective evaluation of a particular witness's knowledge. On the other hand, depending on the particular subject area, there may be valid burdensome objections in identifying every witness in a particular category. The problem here is that the parties have not yet expended the time necessary to resolve their disputes on these points.

1

     Accordingly, the parties are directed to confer by telephone at length about each remaining dispute in a sincere attempt to understand the other side's position and to reach a resolution. At the telephonic conference, the parties shall discuss each subcategory of any request or interrogatory in detail making every possible effort to reach a reasonable agreement as to that subcategory.

     If any disputes remain after this process, they shall be presented in the form of a jointly composed letter that describes each dispute in detail and provides the opposing party's position as to that dispute in detail. Before filing such a letter, each side shall give the other an opportunity to adjust its portion of the letter to respond to the other side's written draft describing its side of the dispute. Of course, each side must make itself available to consult telephonically with opposing counsel as part of the composition process. The drafting process by itself may cause certain disputes to be resolved. It is critical that each party address in the final letter its responses to the other side's position as to each issue. The Court notes that if such a letter is filed, the Court expects to decide any disputes based on the letter and without further argument or briefing.

So Ordered.  
Dated: April 28, 2020

                                                          _____  
                                                          GABRIEL W. GORENSTEIN  
                                                          United States Magistrate Judge