UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURATED WORKS INC., d/b/a CURATED,<br><br>                      Plaintiff,<br><br>-vs-<br><br>DEAL.COM, INC. a/k/a DEAL.COM GLOBAL, INC. d/b/a CURATED.COM,<br><br>                      Defendant. | Civil Action No.: 1:19-cv-11509-LAK-GWG<br><br>**ANSWER TO AMENDED COUNTERCLAIM FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaim-defendant Curated Works Inc., d/b/a Curated ("Counterclaim-defendant" or "Curated"), by its attorneys Norris McLaughlin, P.A., for its Answer to the Amended Counterclaim for Declaratory Judgment of Trademark Non-Infringement dated June 4, 2020 ("Amended Counterclaim") by Defendant/Counterclaimant Deal.com, Inc. a/k/a Deal.com Global, Inc. d/b/a Curated.com ("Counterclaimant" or "Curated.com"), responds as follows:

## NATURE OF COUNTERCLAIM AND RELIEF SOUGHT

1. Curated denies the allegations of paragraph 1 of the Amended Counterclaim except that it admits that Counterclaimant seeks a declaratory judgment of non-infringement of Curated's CURATED trademarks under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Curated denies that Counterclaimant is entitled to such relief.

2. Curated denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Counterclaim to the extent that it does not know Counterclaimant's basis for asserting said counterclaim, but admits that it has demanded that Counterclaimant cease and desist from Curated.com's infringing uses of Curated's CURATED trademarks.

## PARTIES

3. Upon information and belief, Curated admits the allegations of paragraph 3 of the Amended Counterclaim.

4. Curated admits the allegations of paragraph 4 of the Amended Counterclaim.

## JURISDICTION AND VENUE

5. Curated denies the allegations of paragraph 5 of the Amended Counterclaim because the Amended Counterclaim is redundant and does not present an independent case or controversy, except that it admits that the Amended Counterclaim asserts that this Court has original jurisdiction over Curated.com's counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) and that Curated.com's counterclaim purports to arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and the Lanham Act, 15 U.S.C. § 1051, *et seq.*

6. Curated denies the allegations of paragraph 6 of the Amended Counterclaim because the Amended Counterclaim is redundant and does not present an independent case or controversy, except that it admits that the Amended Counterclaim asserts that this Court has personal jurisdiction over Counterclaim-defendant and refers this Court to the website provided at the alleged URL for Counterclaim-defendant's Terms of Use for its full terms thereof.

7. Curated denies the allegations of paragraph 7 of the Amended Counterclaim because the Amended Counterclaim is redundant and does not present an independent case or controversy, except that it admits that the Amended Counterclaim asserts that venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

8. Curated denies the allegations of paragraph 8 of the Amended Counterclaim to the extent it suggests that Curated.com's trademark application will be approved for publication and further states that the Amended Counterclaim is redundant and does not present an independent case or controversy, but Curated admits that it has commenced this action against Curated.com

based on claims set forth in the Complaint and has demanded the Curated.com cease and desist the infringing conduct.

## GENERAL ALLEGATIONS

9. Curated denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Counterclaim.

10. Curated denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Counterclaim, and, therefore, denies same.

11. Curated denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Counterclaim as to any correspondence between Curated.com and the USPTO or as to Curated.com's own information and belief; refers this Court to the alleged trademark application, Office Action dated June 20, 2019, response to the Office Action dated November 27, 2019, and suspension letter for its full terms thereof.

12. Curated denies the allegations of paragraph 12 of the Amended Counterclaim as written and denies that the characterization of services provided by Curated is complete, but admits that it is the owner of the domain curated.io and refers this court to the alleged URLs for Curated's Terms of Use and FAQs for their full terms thereof.

13. Curated denies the allegations of paragraph 13 of the Amended Counterclaim.

14. Curated admits the allegations of paragraph 14 of the Amended Counterclaim that it is the owner of U.S. Registration No. 5,217,483 (the "483 Registration) for the mark CURATED in International Class 42 for the covered services set forth in the '483 Registration, and refers this Court to the full terms of said Registration.

15. Curated admits the allegations of paragraph 15 of the Amended Counterclaim that it is the owner of U.S. Registration No. 5,835,133 (the "133 Registration) for the mark CURATED in International Class 42 for the covered services set forth in the '133 Registration, and refers this Court to the full terms of said Registration.

16. Curated admits the allegations of paragraph 16 of the Amended Counterclaim and refers this Court to the letter dated September 17, 2019 for the full terms thereof.

17. Curated admits the allegations of paragraph 17 of the Amended Counterclaim and refers this Court to the letter dated September 17, 2019 for the full terms thereof.

18. Curated denies knowledge with respect to counsel communications and therefore leaves Curated.com to its proofs.

19. Curated admits the allegations of paragraph 19 of the Amended Counterclaim to the extent that Curated commenced this action against Curated.com for trademark infringement, false designation of origin and false description, federal cybersquatting under the Lanham Act and common law unfair competition claims.

20. Curated denies the allegations of paragraph 20 of the Amended Counterclaim.

21. Curated denies the allegations of paragraph 21 of the Amended Counterclaim.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Trademark Non-Infringement)**

22. Counterclaim-defendant repeats, realleges, and incorporates by reference all of its answers to paragraphs 1 to 21 of the Amended Counterclaim as if set forth fully herein.

23. Curated admits the allegations in paragraph 23 of the Amended Counterclaim to the extent that it alleges that Curated has asserted a trademark infringement claim against Curated.com, and refers this court to Curated's Complaint for its full terms thereof, and denies

any remaining allegations of paragraph 23 to the extent that they purport to be a comprehensive recitation of all claims against Curated.com.

24. Curated neither admits nor denies the allegations of paragraph 24 of the Amended Counterclaim that are legal conclusions to which no responsive pleading is required and denies any remaining allegations of paragraph 24.

25. Curated denies the allegations of paragraph 25 of the Amended Counterclaim.

26. Curated denies the allegations of paragraph 26 of the Amended Counterclaim.

27. Curated denies that Curated.com is entitled to declaratory judgment in its favor for such relief.

28. Curated denies that Curated.com is entitled to declaratory judgment in its favor for such relief.

29. Curated denies that Curated.com is entitled to declaratory judgment in its favor for such relief.

30. Curated denies that Curated.com is entitled to declaratory judgment in its favor for such relief.

31. Curated denies that Curated.com is entitled to declaratory judgment in its favor for such relief.

32. Curated denies that Curated.com is entitled to declaratory judgment in its favor for such relief.

**PRAYER FOR RELIEF**

Counterclaim-defendant denies the allegations in the unnumbered paragraph of the Amended Counterclaim entitled "Prayer for Relief" and each of the subparagraphs A. through I. thereof. All other allegations that are not specifically admitted are denied. Counterclaim-defendant objects to the relief requested and denies that Counterclaimant is entitled to any of the relief

sought in the Amended Counterclaim. Counterclaim-defendant expressly reserves the right to amend and/or supplement this Answer.

## AFFIRMATIVE DEFENSES

By characterizing these as "Affirmative Defenses," Curated is not taking on any burden of proof beyond that which the law applies to it.  Accordingly, without admitting or implying that Curated bears the burden of proof as to any of them, and without waiving the right to assert and rely upon additional affirmative defenses that become available or appear during the course of this action, Curated, asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1. The Amended Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE – COUNTERCLAIM IS REDUNDANT

2. The Amended Counterclaim is a redundant, mirror-image counterclaim to Curated's claims against Curated.com and does not present an independent case or controversy.

## THIRD AFFIRMATIVE DEFENSE – CURATED.COM IS INFRINGING CURATED'S TRADEMARKS

3. The Amended Counterclaim must be dismissed because, as set forth in Curated's Complaint, Curated.com is infringing Curated's trademarks and its use of the CURATED trademarks violates the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. §1125(a)(1)(A), and constitutes unfair competition.

## FOURTH AFFIRMATIVE DEFENSE – NO FEES

4. The Amended Counterclaim does not give rise to attorneys' fees and therefore Curated.com's request for fees and costs should be denied.

### **FIFTH AFFIRMATIVE DEFENSE - WAIVER, ESTOPPEL, AND LACHES**

5. The Amended Counterclaim is barred, in whole or in part, in accordance with the equitable doctrines of waiver, estoppel, and laches.

### **SIXTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS**

6. The Amended Counterclaim is barred, in whole or in part, as a result of Curated.com's bad faith and unclean hands, including in that Curated.com has adopted and used confusingly similar trademarks in commerce with actual and/or constructive knowledge of Curated's prior rights and valid and subsisting trademark registrations in the CURATED trademarks.

### **SEVENTH AFFIRMATIVE DEFENSE – ADDITIONAL DEFENSES**

7. Counterclaim-defendant reserves the right to amend its reply to assert or preserve affirmative defenses that may become available or apparent during the course of this action.

**WHEREFORE**, Plaintiff/Counterclaim-defendant Curated Works Inc., d/b/a Curated demands that the Court:

(a) Enter judgment dismissing the Amended Counterclaim of Defendant, Deal.com, Inc. a/k/a Deal.com Global, Inc. d/b/a Curated.com, with prejudice and deny the relief sought in the Amended Counterclaim;

(b) Award Curated the relief sought in its Complaint;

(c) Award Curated reasonable attorneys' fees and costs; and

(d) Award Curated such other relief as the Court deems just and proper.

Dated:  New York, New York
June 18, 2020

      *s/ Danielle M. DeFilippis*
      Danielle M. DeFilippis, Esq.
      NORRIS McLAUGHLIN, P.A.
      7 Times Square, 21st Floor
      New York, NY 10036-6524
      (212) 808-0700
      dmdefilippis@norris-law.com

      *Attorneys for Plaintiff/Counterclaim-defendant Curated Works Inc. d/b/a Curated*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 18, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel and that a true and correct copy was served via electronic mail on all counsel of record.

                                            By: s/ Danielle M. DeFilippis
                                            Danielle M. DeFilippis